SHAW, Judge.
 

 In an opinion issued on March 23, 2007, this Court reversed Terry Harris’s guilty-plea conviction for one count of operating as an unregistered investment-advisor representative, a violation of § 8-6-3(b), Ala. Code 1975, and his resulting sentence of five years’ imprisonment on the ground that Harris had been denied his constitutional right to counsel.
 
 Harris v. State,
 
 27 So.3d 564 (Ala.Crim.App.2007). Specifically, this Court held that Harris had not expressly or impliedly waived his right to counsel when he appeared at trial without his newly retained counsel present.
 
 [1]
 
 The State sought certiorari review, and the Alabama Supreme Court reversed this Court’s decision, holding that “Harris’s act
 
 *594
 
 of appearing without counsel at his trial after having been afforded a reasonable opportunity to retain counsel constituted an implied waiver of his right to counsel,” and remanded the case for this Court to
 

 “determine whether, under the totality of the circumstances, Harris knowingly, intelligently, and voluntarily waived his right to counsel by terminating the services of his attorneys a week before trial and appearing at trial unrepresented. Such a review will include consideration of the six
 
 Tomlin[ v. State,
 
 601 So.2d 124 (Ala.1991),] factors, insofar as they are appropriate, as well as whether ‘the defendant was attempting to delay or manipulate the proceedings,’
 
 Fitzpatrick [v. Wainwrightl
 
 800 F.2d [1057,] 1067 [ (11th Cir.1986) ], and whether the trial judge had warned Harris about the potential consequences of appearing at trial unrepresented.
 
 See Harding v. Davis,
 
 878 F.2d 1341, 1344 n. 2 (11th Cir.1989) (stating that the defendant did not effectively waive his right to counsel because ‘the trial court made no effort to warn [the defendant] of the consequences of his action’). If the Court of Criminal Appeals does not have before it a sufficient record to make a determination whether, given the totality of the circumstances, Harris’s waiver was knowing, intelligent, and voluntary, then it should remand the case to the trial court to create a record sufficient for appellate review.”
 

 Harris v. State,
 
 27 So.3d 582, 589-90 (Ala.2008).
 

 The record before this Court is sufficient to determine whether Harris’s waiver of his right to counsel was knowing, intelligent, and voluntary, and, in compliance with the Supreme Court’s instructions, this Court has considered the totality of the circumstances, as those circumstances are more fully set out in our original opinion and in the Supreme Court’s opinion — including, but not limited to, those factors listed in
 
 Tomlin v. State,
 
 601 So.2d 124 (Ala.1991), insofar as they are appropriate to this case, whether Harris was attempting to delay or manipulate the proceedings, and whether the trial court warned Harris about the potential consequences of appearing at trial unrepresented
 
 [2]
 
 — and without considering the caselaw regarding indigent defendants that this Court originally considered,
 
 [3]
 
 we hold that Harris did not knowingly, intelligently, and voluntarily waive his right to counsel.
 

 Therefore, the judgment of the trial court is again reversed and this cause remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . As noted in our original opinion, Harris fired his retained attorneys approximately a
 
 *594
 
 week before trial and retained new counsel to represent him. When he appeared at trial, his previous attorneys were present, but his newly retained counsel was not.
 

 [2]
 

 . In our original opinion, this Court found that Harris was not attempting to delay or manipulate the proceedings but, in fact, had "acted promptly to retain the services of another attorney” after learning from counsel’s motion for a continuance filed only two weeks before trial that counsel was unprepared, and that the trial court had "never engaged in any kind of colloquy or discussion with Harris” and that "[u]nder no reasonable interpretation of the record can ... any ... part of the discussion the court had with Harris before trial began, be considered an adequate discussion of the consequences of proceeding without the assistance of counsel.” We continue to adhere to these findings.
 

 [3]
 

 . The Supreme Court stated that this Court had erred in considering that caselaw. See
 
 Harris,
 
 27 So.3d at 588-89 n. 6 (listing those cases on which this Court erroneously relied).